### COMMONWEALTH *vs.* JAMES SUGLAND.

Under the *St.* of 1852, *c.* 259, § 2, by which rape of any female of the age of ten years or more, or abuse of any woman child under the age of ten years, is punished with imprisonment for life, an indictment which duly charges a rape is sufficient, without stating the age of the female.

RAPE. The indictment alleged that the defendant, at Williamsburgh in the county of Hampshire, " with force and arms, in and upon one Julia A. Alvord of said Williamsburgh, then and there in the peace of said commonwealth being, did violently and feloniously make an assault, and her, the said Julia A. Alvord, did then and there, by force, and against her will, feloniously ravish and carnally know, against the peace of said commonwealth, and the form of the statute in such case made and provided."

The defendant, being tried in the court of common pleas, and found guilty, moved in arrest of judgment, because it was not alleged in the indictment whether the said Julia was or was not of the age of ten years; and because the indictment was wholly insufficient. But *Sanger*, J. overruled the motion, and the defendant alleged exceptions.

*W. Allen, Jr.* for the defendant. 1. The *St.* of 1852, *c.* 259, § 2, which describes all the offences of the nature of rape, known to our law, provides that " every person who shall ravish and carnally know any female of the age of ten years or more, by force and against her will; or shall unlawfully and carnally know and abuse any woman child under the age of ten years; shall be punished by imprisonment in the state prison for life." This

Commonwealth *v.* Sugland.

indictment must be considered as framed on the first clause of this statute. The two clauses cannot be construed as together defining a single offence, properly described by the allegations in the indictment; for that can only be done where such is obviously the intention of the statute on its face, or where the circumstances in which the clauses differ are intended merely as matter of explanation, and not of description, as in *Larned* v. *Commonwealth,* 12 Met. 240, and *Commonwealth* v. *Lamb,* 1 Gray, 493. The mere circumstance of the age of the female constitutes a material difference between the two clauses. The language used in the two clauses, aptly and technically, and by uniform construction, describes different offences, differing in this material particular, that the offence of rape is not complete, unless by force and against the will of the female. Dyer, 304 *a.* 1 Russell on Crimes, (7th Amer. ed.) 696, and cases cited. *Sts.* Westm. 1, *c.* 13; Westm. 2, *c.* 34; 18 Eliz. *c.* 7, §§ 1, 4; 9 G. 4, *c.* 31, §§ 16, 17; 4 & 5 Vict. *c.* 56, § 3. Mass. Colony *Sts.* of 1649, 1669, and 1697, Anc. Chart. 60, 301. *Sts.* 1784, *c.* 68; 1805, *c.* 97. Rev. Sts. *c.* 125, § 18. It would be a very forced construction to hold that the second clause operates only as a rule of evidence, substituting proof of the female being under ten for proof of force and want of consent. These two offences are of the same grade, and therefore the defendant cannot, on an indictment for one, be convicted of the other, under Rev. Sts. *c.* 137, § 11, as in *Commonwealth* v. *Drum,* 19 Pick. 479.

As charging the offence described in the second clause, the indictment is clearly insufficient; for want of any allegation of the age of the female; and also for want of any sufficient charge of an unlawful act, for the words, alleging force and want of consent, being immaterial and mere surplusage, it does not appear but that she was the defendant's wife. *Moore* v. *Commonwealth,* 6 Met. 243. [DEWEY, J. Can a man have a wife under ten years of age?] Yes. A woman is dowable at nine. Bac. Ab. Dower, A.

2. The age of the female is a material circumstance in the description of the offence defined in the first clause, and must therefore be alleged in the indictment; for the act of forcible

ravishment is capable of being on a female under, as well as one above, ten years of age. 1 Hale P. C. 634 *note.* Dyer, 304 *a.* *The King* v. *Powell*, 1 Leach, (3d ed.) 128. *Sts.* above cited. *St.* 1815, *c.* 86. D. Davis's Justice, (Heard's ed.) 675.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J. The exception taken to the sufficiency of this indictment, if well founded, would show that there has been in our criminal pleading, in indictments for the crime of rape, as usually drawn, a fatal defect, in omitting to state that the female alleged to have been forcibly ravished was of the age of ten years or more. This fact should not lead us to sustain the practice, if found to be erroneous, but is not to be entirely over-looked in the consideration of the question before us. It is true, that the precise form of the enactment for the punishment of rape, on which this indictment is founded, was first introduced in 1836. Rev. Sts. *c.* 125, § 18. But in the early statutes of the Colony, enacted in 1649 and 1669, we find provisions very similar to the present statute, taking the distinction that the act must be done by force, if the female was above the age of ten years ; but if under ten years of age, the act should still be pun-ished with death, though the act was done with her consent. Anc. Chart. 60. The province law of 1697 varied in the lan-guage, and enacted that " if any man shall ravish any woman, by force against her will, or if any man shall unlawfully and carnally know and abuse any woman child under the age of ten years," he shall be punished with death. Anc. Chart. 301. The *Sts.* of 1784, *c.* 65, and 1805, *c.* 97, were very much to the same effect. No doubt would exist as to the sufficiency of the present indictment, under either of the two statutes last cited. And the commissioners on the revised statutes give no intimation, in their report, of any purpose to change the existing law.

The provisions of the Rev. Sts. are quite similar to those which have been enacted in many other states of the Union ; but we do not understand that any change has been introduced in any of them, in the ancient form of charging the offence. In North Carolina, this very form of indictment has been held suffi-cient. *State* v. *Farmer*, 4 Ired. 226.

Commonwealth *v.* Sugland.

The construction practically put upon our statutes has been, that the allegation of having, by force and against her will, ravished and carnally known any female, was a description of the offence punishable by the statute; and that it was only necessary to allege her age, when the indictment did not allege that the act was done against her will. The real object of the provision of the statute, as to the punishment of offences of this character upon females under ten years of age, was to secure the punishment of rape in all cases, and to remove any doubts that might have formerly existed.

By our statutes, the punishment for rape embraces all cases of violation of females of any age. If the party assaulted be above the age of ten years, then, to constitute the offence of rape, the act must have been committed by force and against her will. But if it be upon a child under the age of ten years, it is alike punishable under the statute, whether committed with the consent or against the will of such female child. The present indictment alleges the female to have been ravished and carnally known by force and against her will, and the jury have found the prisoner guilty of this charge. The finding of the jury shows that the prisoner had perpetrated all the acts necessary to constitute the offence punishable by the statute under either of its provisions; and the punishment being precisely similar and absolute in its extent, whether the rape were perpetrated upon a female over or under ten years of age, the court are of opinion that no sufficient ground is shown for arresting the judgment, and the prisoner may properly be sentenced under the *St.* of 1852, *c.* 259, to imprisonment for the term of his life.                    *Exceptions overruled.*